USDC IN/ND case 1:24-cv-00395-HAB-SLC   document 5   filed 08/21/24   page 1 of 8
02D03-2408-CT-000549                                                 Filed: 8/21/2024 4:56 PM
                                                                                       Clerk
USDC IN/ND case 1:24-cv-00395   Allen Superior Court 3 1   filed 09/18/24   page 5 of 25 Allen County, Indiana
                                                                                          JS

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

| | |
|---|---|
| NATHANIEL SCHUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GFL ENVIRONMENTAL, USA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Nathaniel Schuck, a qualified employee of Defendant at all times material to this Complaint. Plaintiff alleges he was discriminated against and retaliated against on the basis of his sex (male), for reporting sexual harassment, and a disability pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII) and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

2. The Defendant is GFL Environmental, USA, Inc., a company doing business at 4429 Allen Martin Drive, Fort Wayne, IN 46806, with a principal place of business at 26999 Central Park Boulevard #200, Southfield, MI 48076. It's Registered Agent is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.   Defendant is an "employer" for the purposes of Title VII and the ADA.

3. Plaintiff filed a Charge of Discrimination with Fort Wayne Metropolitan Human Relations Commission on or about May 3, 2023, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. 1." The Equal Employment

−1−

Opportunity Commission issued its Notice of Right to Sue on May 24, 2024, a copy of which is attached hereto and incorporated herein as "Ex. 2." All jurisdiction prerequisites have been met and all administrative remedies have been exhausted for the filing of this Complaint.

4. Plaintiff worked for Defendant at its Fort Wayne location from June 2022 until his wrongful termination on or about November 14, 2022. Plaintiff's job title at the time of separation from employment was Lead Driver.

5. Plaintiff began being sexually harassed by his supervisor, Jake Diliberto ("Diliberto"), in approximately July 2022.

6. Diliberto would say things to Plaintiff such as he liked watching Plaintiff get out of his truck and that it was "arousing," that he thought about Plaintiff "every night," that Plaintiff "has a nice ass," and that he wished Plaintiff "would bust his balls." Diliberto also inappropriately touched Plaintiff on more than one occasion, rubbing his shoulders suggestively, and frequently would rub his own genital area while speaking to Plaintiff. All of this conduct was unwelcome, unprovoked, and made Plaintiff extremely uncomfortable.

7. Plaintiff complained of Diliberto's sexual advances and inappropriate touchings on multiple occasions. Further, many of Diliberto's inappropriate sexual advances occurred in the presence of other employees and management.

8. When Plaintiff first complained to Operations Supervisor Camellia Taylor, in September 2022, about Diliberto caressing his own genitals when interacting with Plaintiff, Taylor defended Diliberto saying that she was aware of the behavior, but that Diliberto was

merely playing with keys in his pocket as a nervous habit. Taylor also indicated that other employees had previously reported Diliberto for the genital caressing but that an investigation did not find the behavior to be sexual in nature. No new investigation was started, and Diliberto was permitted to continue with caressing his genitals when speaking to Plaintiff.

9. Plaintiff also complained to Thomas Plummer, Route Manager, about Diliberto's behaviors. Plummer did not intervene to make the behaviors stop.

10. Plaintiff alleges Diliberto never had keys in his pocket, as the truck keys were always left in the vehicles. Plaintiff alleges Defendant negligently retained Diliberto and permitted Diliberto to continue with his sexually inappropriate behaviors.

11. Diliberto's continual sexual comments and behaviors created a hostile work environment that severely affected Plaintiff's mental health and ability to perform his job, as he began to dread coming in to work knowing he would have to watch Diliberto stroke his genitals and make inappropriate sexual remarks. Defendant did nothing to intervene and put a stop to the sexual harassment.

12. In October 2022 Plaintiff also complained to Kate Reid in Human Resources, Reid also brushed off Plaintiff's complaints and did nothing.

13. Then, on October 20, 2022, Plaintiff underwent surgery on his left wrist. Defendant granted Plaintiff a thirty (30) day medical leave, as he was not yet eligible for FMLA. Prior to having the surgery, Plaintiff was on light duty for a couple of weeks due to the condition of his wrist, as his daily life activities were substantially limited due to his condition.

14. Plaintiff was to return to work on November 14, 2022, five days prior to the expiration of the approved leave.

15. However, on November 14, 2022, Plaintiff's doctor recommended Plaintiff remain off work an additional two weeks in order to fully heal, and Plaintiff notified Defendant that the doctor had advised he could not return to his normal position until November 30, 2022.

16. Defendant, rather than engage in the interactive process to determine whether any reasonable accommodation could be made, denied Plaintiff's requested extension accommodation (which was not unreasonable), and terminated Plaintiff on November 14, 2022, a full five days before his initial leave expired. Plaintiff's insurance was also canceled on the same day.

17. Plaintiff alleges that there were accommodations that would have enabled him to return, such as light duty or additional time to heal, that would not have caused Defendant undue hardship. Defendant failed to engage in the interactive process to discover such potential accommodations.

18. Further, Plaintiff alleges that Defendant allowed other similarly situated employees who had not complained of sexual harassment to take leave longer than thirty days to tend to their own serious medical conditions.

19. Plaintiff alleges that the proffered reason for his termination was false and pretextual, and in reality, he was subjected to discrimination on the basis of his sex and disability/perceived disability/record of impairment, and retaliation for complaining of sexual harassment in violation of his federally protected rights pursuant to Title VII and

–4–

the ADA.

20. The Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of his job and job-related benefits, including income, and subjected him to emotional distress, humiliation, embarrassment, and other damages and injuries. Plaintiff seeks compensatory damages, including reasonable attorney fees and costs.

21. Furthermore, Defendant's discriminatory and retaliatory behavior was knowing, willful, intentional, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and for all other just and proper relief.

### JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CLOSE & HITCHCOCK, LLP**

*/s/ Jennifer L. Hitchcock*
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:   (260) 408-6818
Facsimile:    (260) 498-2655
E-mail:        Jennifer@closehitchcock.com
Attorney for Plaintiff

USDC IN/ND case 1:24-cv-00395-HAB-SLC   document 5   filed 08/21/24   page 6 of 8

02D03-2408-CT-000549

Filed: 8/21/2024 4:56 PM
Clerk
Allen County, Indiana

USDC IN/ND case 1:24-cv-00395 Allen Superior Court 3   filed 09/18/24   page 10 of 25

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>EO-00152-A23<br>240-2023-00252 |
|---|---|---|

FORT WAYNE METROPOLITAN HUMAN RELATIONS COMMISSION and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Nathaniel Schuck | Home Phone (Incl. Area Code)<br>(419) 230-0061 | Date of Birth<br>[redacted] |
|---|---|---|

Street Address: 610 Dewey Street, Delphi, Indiana 45833

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name<br>GFL Environmental, USA, Inc. | No. Employees, Members<br>>50 | Phone No. (Incl. Area Code)<br>(260) 240-4897 |
|---|---|---|

Street Address: 26999 Central Park Boulevard #200, Southfield, Michigan 48076

| Name (Worked at local location)<br>GFL ENVIRONMENTAL | No. Employees, Members<br>+50 | Phone No. (Incl. Area Code)<br>(260) 240-4897 |
|---|---|---|

Street Address: 4429 Allen Martin Dr., Fort Wayne, IN 46806

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (Specify) Sexual Harassment by Supervisor, Hostile Work Environment, and Negligent Retention

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: July 1, 2022    Latest: Nov. 14, 2022
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

My name is Nathaniel Schuck and I am a qualified male, who had worked for GFL Environmental USA, Inc. ("GFL") since June of 2022. I had worked for the previous sanitation company prior to June of 2022, when GFL assumed operations in the Fort Wayne, Indiana area. During my time with GFL, I never received any discipline, verbal counseling, or other corrective action. However, this changed when I submitted complaints that my supervisor was committing sexual misconduct and harassment.

GFL's General Manager, Jake Diliberto ("Mr. Diliberto"), began sexually harassing me sometime in July of 2022. Mr. Diliberto commented that he liked watching me get in and out of my truck in the morning and that he found it "arousing." Mr. Diliberto also caressed my shoulders on two (2) separate occasions. I also witnessed Mr. Diliberto repeatedly touching his genatalia while speaking with me. Two (2) other employees witnessed this behavior. These are just some of the examples of Mr. Diliberto's inappropriate comments and physical touching, but many more instances occurred.

I complained to Camellia Taylor, Operations Supervisor, and Thomas Plumner, Route Manager, about this behavior in September of 2022, yet GFL did nothing. No investigation took place, and no remedial action was taken. Not surprisingly, Mr. Diliberto's sexual misconduct and harassment continued. In October of 2022, I again brought complaints to management, this time to Kate Reid. However, GFL still did nothing, and Mr. Diliberto created a hostile work environment for me through his sexual misconduct and harassment. Through my reports, GFL knew of this behavior. GFL took no steps to remedy this illegal behavior, and instead retaliated against me by terminating me. GFL's acts violated Title VII.

Further, on October 20, 2022, I underwent surgery on my left wrist. I was initially scheduled to return to work on November 14, 2022, but I was still experiencing severe pain. At that time, my doctor advised that I could not return to work until November 30, 2022, in order to give my wrist and hand additional time to heal. I immediately informed GFL, that I would need an additional two (2) weeks of leave as a reasonable accomodation and would return to work on November 30, 2022.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5/3/2023    [signature] Nathaniel Sch
Date         Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements
[signature] Jennifer A Couch

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
[signature] Nathaniel Sch

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 5/3/2023

JENNIFER A COUCH, Notary Public
Allen County, State of Indiana
Commission Number NP0747002
My Commission Expires February 20, 2031

EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

FORT WAYNE METROPOLITAN HUMAN RELATIONS COMMISSION and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

However, on November 14, 2022, on the same date I informed them of my need for an accommodation for an additional two (2) weeks to heal, my accommodation was denied, and GFL terminated me. They did not engage in the interactive process with me to determine whether a two-week leave of absence was a reasonable accommodation. Rather, GFL simply terminated me in violation of the Americans with Disabilities Act. I could not understand GFL's actions, given that at least two (2) other similarly situated employees were granted much longer leaves of absence than myself, and retained their jobs. Even had GFL not wanted me to take an additional two-week leave, there were a number of administrative tasks and light duty work available that would have filled full work days during my two week leave. However, GLF never attempted to reach a reasonable accommodation with me.

For the reasons stated above, I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended; discriminated against, terminated, and denied reasonable accommodations due to my disability in violation of the Americans with Disabilities Act, as amended; and discharged in retaliation for engaging in protected activity. As such, I am entitled to all damages and attorney's fees provided under Title VII and the ADA.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5/3/2023    *Nattail Sch*
Date    Charging Party Signature

NOTARY — When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Nattail Sch*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
5/3/2023

JENNIFER A COUCH, Notary Public
Allen County, State of Indiana
Commission Number NP0747002
My Commission Expires February 20, 2031

USDC IN/ND case 1:24-cv-00395-HAB-SLC   document 5   filed 08/21/24   page 8 of 8
USDC IN/ND case 1:24-cv-00395 Allen document 1-1   filed 09/18/24   page 12 of 25

02D03-2408-CT-000549

Filed: 8/21/2024 4:56 PM
Clerk
Allen County, Indiana
Allen Superior Court 3
JS

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Indianapolis District Office
115 W. Washington St., South Tower Suite 600
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/24/2024

**To:** Nathaniel Schuck
610 Dewey Street
Delphos, OH 45833

Charge No: 24D-2023-00252

EEOC Representative:

Jeremy Sells
State, Local & Tribal Coordinator
(463) 999-1161

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele  05/24/2024
Michelle Eisele
District Director

Please retain this notice for your records.

cc: On following page

EXHIBIT
2